UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DR. KATHERINE M. WHIPPLE,

                              Plaintiff,

                                                                                 <u>DECISION AND ORDER</u>

                                                                                 15-CV-6759L

                            v.

REED EYE ASSOCIATES,
DR. ALAN BLOOM,
DR. RONALD REED,
GARY SCOTT,
DR. KURT J. WEISSEND,
WESTFALL SURGERY CENTER LLP,

                              Defendants.
_____

## INTRODUCTION

      Plaintiff, a former employee of Reed Eye Associates ("Reed Eye"), brings this action against Reed Eye, Westfall Surgery Center ("Westfall"), which operates as a joint enterprise with Reed Eye, Reed Eye/Westfall owners Dr. Ronald Reed ("Reed") and Dr. Alan Bloom ("Bloom), former Reed Eye/Westfall employee Dr. Kurt Weissend ("Weissend") and Westfall Administrative Director Gary Scott ("Scott"). Plaintiff alleges that during and after her employment at Reed Eye/Westfall, the defendants subjected plaintiff to sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq. ("Title VII"), and the New York Human Rights Law, N.Y. Exec. Law §§290 et seq.

1

("NYHRL"), as well as tortious interference with contract and defamation, in violation of the New York common law.

Defendants now move to dismiss the complaint in part pursuant to Fed. R. Civ. Proc. 12(b)(6), and request an extension of time to answer the complaint (Dkt. #9). For the reasons set forth below, defendants' motion to dismiss is granted in part and denied in part, and defendants' request for an enlargement of time to answer the complaint is granted.

## DISCUSSION

### I. Standard on a Motion to Dismiss

In deciding whether a complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant. *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In deciding a motion to dismiss, the Court's consideration is limited to the four corners of the complaint, and to any documents attached or incorporated by reference therein. *See Savino v. Fiorella*, 2007 U.S. Dist. LEXIS 43284 at *10-*11 (W.D.N.Y. 2007) To the extent that some of plaintiff's submissions in opposition to the motion to dismiss make reference to facts outside of the complaint or otherwise attempt to amplify plaintiff's factual allegations, those extraneous facts will not be considered.

## II. Plaintiff's Title VII Claims Against the Individual Defendants

It is well settled that individuals are not amenable to suit under Title VII. *See e.g.*, *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995). Although plaintiff avers that she is not pursuing any Title VII claims against the individual defendants – only against Reed Eye and Westfall Center, the complaint refers generally to "defendants" having violated Title VII. Thus, to the extent that the complaint could be read to allege Title VII claims against any of the individual complaints, those claims are hereby dismissed.

## III. Plaintiff's NYHRL Retaliation Claims Against Weissend and Scott

Defendants argue that plaintiff has failed to state a plausible NYHRL retaliation claim against either Weissend or Scott, because plaintiff has not alleged that either of these defendants exercised supervisory control over her, such as having the power to hire or fire her, or the ability to alter the terms and conditions of her employment at Reed Eye.

Plaintiff, however, need not allege supervisory control in order to state a plausible claim for retaliation under the NYHRL under an "aiding and abetting" theory. In contrast to discrimination and retaliation claims under federal law, an employee may be held individually liable as an "aider and abetter" for purposes of establishing liability under the NYSHRL, if he or she actually participates in the discriminatory or retaliatory conduct at issue. *See* N.Y. Exec. Law §296(6) (it is an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article"); *Pellegrini v. Sovereign Hotels, Inc.*, 740 F. Supp. 2d 344, 356 (N.D.N.Y. 2010) (noting that an employee who

aids and abets the employer in discrimination, including by perpetrating it, can be held individually liable under the NYHRL, and collecting cases).

In *Tomka*, the Second Circuit Court of Appeals established "that [Section 296(6) of the N.Y. Exec. Law] allowed a co-worker who 'actually participates in the conduct giving rise to a discrimination claim' to be held liable under the [NYHRL] even though that co-worker lacked the authority to either hire or fire the plaintiff." *Feingold v. New York*, 366 F.3d 138, 157-58 (2d Cir. 2004) (quoting *Tomka*, 66 F.3d 1295 at 1317). The majority of district courts applying *Tomka* have reached the same conclusion. *Id.*, 366 F.3d 138 at 158 n.19 (collecting cases, and reversing district court's grant of summary judgment dismissing NYHRL discrimination claims against individual co-worker defendants who were alleged to have participated in the discriminatory conduct). *See also Campisi v. City Univ. of N.Y.*, 2016 U.S. Dist. LEXIS 105078 at *29 (S.D.N.Y. 2016).

To state a claim for retaliation in violation of the NYHRL, plaintiff must plausibly allege that: (1) she engaged in protected activity; (2) the defendant knew of that activity; (3) she was subjected to an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Shultz v. Congregation Shearith Isr. of N.Y.*, 2016 U.S. Dist. LEXIS 108037 at *19 (S.D.N.Y. 2016).

As for Weissend, plaintiff alleges that Weissend sexually harassed her, and that after she rejected his advances and complained about his conduct, he refused to work with her both before and after his resignation as Westfall's Medical Director, "stigmatizing" plaintiff in the eyes of other Reed Eye/Westfall employees and giving rise to rumors and speculation about the nature of plaintiff and Weissend's relationship. Plaintiff does not allege, however, that Weissend's refusal to work with her had the effect, by itself, of altering the terms and conditions of her employment

– that it was "more disruptive than a mere inconvenience or an alteration of job responsibilities," or resulted in any diminution in pay or benefits. *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). As such, she fails to state a claim for retaliation against Weissend under the NYHRL.

With respect to Scott, the Administrative Director for Westfall, plaintiff alleges that she complained to Scott on multiple occasions, both verbally and in writing, about Weissend's harassment. In response, Scott instructed plaintiff not to inform Reed about her complaints and took no action to investigate them or to protect plaintiff from further harassment.

Plaintiff's allegations against Scott do appear to state a plausible claim – but it is one for discrimination, and not retaliation. While it is well settled that "managers or supervisors who fail to investigate or take appropriate remedial measures despite being informed of the discriminatory conduct may be held individually liable for aiding and abetting *discrimination* by an employer," *Bao v. New A & N Food Mkt.*, 2016 U.S. Dist. LEXIS 28248 at *11-*12 (E.D.N.Y. 2016) (emphasis added), an individual's inaction following a harassment complaint cannot constitute retaliation against the complainant for making the complaint. *See Fahrenkrug v. Verizon Servs. Corp.*, 2016 U.S. App. LEXIS 11048 at *6 (2d Cir. 2016) (failure to investigate an employee's complaint is not an adverse employment action, and cannot constitute retaliation for filing that same complaint); *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2012) (same).

Plaintiff has therefore failed to state a claim for retaliation in violation of the NYHRL against Weissend or Scott, and those claims are dismissed.

## IV. Plaintiff's Tortious Interference Claims Against Reed and Bloom

Defendants argue that plaintiff has failed to state plausible tortious interference claims against any of the defendants. Plaintiff responds that although the complaint refers generally to "defendants" as having engaged in tortious conduct, she is only asserting tortious interference claims against Reed and Bloom.

In order to state a claim for tortious interference with business relations (also known as tortious interference with prospective economic advantage), a plaintiff must plausibly allege: (1) the existence of a profitable business relationship; (2) interference by the defendant with that relationship; (3) the use of dishonest, unfair, improper or wrongful means by the defendant; and (4) damage to the business relationship. *See Catskill Development, LLC v. Park Place Entertainment Corp.*, 547 F.3d 115, 132 (2d Cir. 2008). The Second Circuit has found that, under New York law, wrongful means "represent physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure; they do not, however, include persuasion alone although it is knowingly directed at interference with the [prospective] contract." *Scutti Enterprises, LLC v. Park Place Entertainment Corp.*, 322 F.3d 211, 216 (2d Cir. 2003) (internal quotations and citations omitted).

Concerning Reed, plaintiff alleges that Reed spoke with Dr. Ralph Viola, an individual from whom plaintiff had "sought employment," and warned Dr. Viola against hiring plaintiff, stating that plaintiff "got real bitchy at the end [of her employment with defendants]." Plaintiff alleges no use of wrongful means on the part of Reed – e.g. no "violence, fraud or misrepresentation [or] economic pressure" – and does not plead facts sufficient to justify an inference that Dr. Viola was seriously considering hiring plaintiff, but that Reed's comment to

Dr. Viola caused him to reject plaintiff as a potential employee. As such, plaintiff fails to state a claim against Reed for tortious inference, and that claim is dismissed.

With respect to Bloom, plaintiff alleges that Bloom explicitly threatened Dr. Therese Farugia, a local optometrist who had extended an offer of employment to plaintiff, with retribution against Dr. Farugia and her husband (who worked for Reed Eye and over whom Bloom could exercise supervisory control) if she hired plaintiff, causing Dr. Farugia to withdraw the offer of employment before plaintiff could accept it. Granting plaintiff every favorable inference, these allegations are sufficient to a plausible claim against Reed for tortious interference with plaintiff's business relations and/or prospective economic advantage through the use of wrongful means, resulting in actual damage to plaintiff.

### V. Plaintiff's Defamation Claims Against Reed and Bloom

Defendants also argue that plaintiff has failed to state plausible defamation claims against any of the defendants. Plaintiff responds that although the complaint refers generally to "defendants" as having defamed her, she is only asserting defamation claims against Reed and Bloom.

To state a plausible claim for defamation, a plaintiff must allege that each defendant: (1) made a defamatory statement of fact; (2) which was false; (3) that was published to a third party; (4) which concerned the plaintiff; (5) and was made with the requisite level of fault on the part of the speaker; (6) which caused special harm or constituted slander per se; and (7) was not protected by privilege. *See Albert v. Loksen*, 239 F.3d 256, 265-55 (2d Cir. 2001). While these factors are strictly construed by New York courts, "it is well settled that a plaintiff pleading a defamation claim . . . in federal court need only meet the more liberal standard of Fed. R. Civ.

7

Proc. 8(a)." *Tasso v. Platinum Guild Int'l*, 1997 U.S. Dist. LEXIS 252 at *8-*9 (S.D.N.Y. 1997). Although the defamatory statement need not be pled in haec verba, plaintiff's allegations must provide sufficient detail to "afford defendant sufficient notice of the communications complained of to enable him to defend himself." *O'Diah v. Yogo Oasis*, 2012 U.S. Dist. LEXIS 29624 at *23 (S.D.N.Y. 2012) (quoting *Leung v. N.Y. Univ.*, 2010 U.S. Dist. LEXIS 33265 at *25 (S.D.N.Y. 2010)).

With respect to Reed, plaintiff alleges that Reed warned Dr. Viola against hiring plaintiff, describing plaintiff as having become "bitchy" at "the end" of her employment with Reed Eye and Westfall. Defendants argue that Reed's use of the word "bitchy" constituted an expression of "pure opinion" and therefore cannot serve as the basis for a defamation claim. While defendants are correct that the mere use of the term "bitch" has generally been held to be non-actionable opinion, given the context of the conversation in which Reed's statement was allegedly uttered – a discussion between Reed, plaintiff's former employer, and another individual from whom plaintiff was seeking employment, concerning plaintiff and pertaining to "the end" of plaintiff's employment with Reed Eye and Westfall (that is, her termination or her performance during the period immediately preceding it), the statement could also be interpreted as an actionable "mixed opinion" hinting at the reasons for plaintiff's termination, one which is unaccompanied by any supporting facts and "implies that it is based upon undisclosed detrimental facts which justify the opinion but are unknown to those… hearing it." *Parks v. Steinbrenner*, 131 A.D.2d 60, 62-63 (App. Div. 1st Dept. 1987). *See e.g.*, *Lian v. Sedgwick James, Inc.*, 992 F. Supp. 644, 649 (S.D.N.Y. 1998). "Determining whether particular statements, or particular words, express fact or opinion is oftentimes an exercise beset by the uncertainties engendered by the imprecision and varying nuances inherent in language." *Parks*,

131 A.D.2d 60 at 63.  Nonetheless, construing all inferences in plaintiff's favor, as I must on this motion, and considering the circumstances under which Reed's statement was allegedly made, I find that in light of the relaxed pleading standards of Fed. R. Civ. Proc. 8, plaintiff has managed to state a plausible defamation claim against Reed at this juncture.  *See generally Matter of Cohen v. Google, Inc.*, 25 Misc. 3d 945 at 951 (Sup. Ct. New York County 2009) (terms such as "skank bitch" are sufficiently susceptible to a defamatory connotation to support defamation claim).

In contrast, plaintiff's allegations against Bloom consist of her averments that: (1) Bloom "threatened retribution" against Dr. Farugia and/or her husband, causing Dr. Farugia to rescind an offer of employment to plaintiff (Dkt. #1 at ¶152, ¶153); and (2) Bloom circulated a memorandum in December 2014 to Westfall partners to "voice his opinion regarding the recent issues between [Weissend and plaintiff]" which characterized plaintiff's sexual harassment complaints as a "distraction" that "creates an unhealthy work environment," and urged the partners to focus solely on patient care (Dkt. #1 at ¶¶124-129).  Initially, plaintiff does not allege that Bloom's unspecified threats against Dr. Farugia and her husband included any false statement of fact concerning plaintiff.  Furthermore, Bloom's memorandum expressing his "opinion" (Dkt. #1 at ¶124) concerning Weissend's and plaintiff's interactions, while dismissive of plaintiff's complaints of sexual harassment, does not impugn plaintiff's character or competence, nor does it otherwise communicate any other allegedly false fact concerning plaintiff.  I therefore find that plaintiff has failed to state a defamation claim against Bloom.

9

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss the complaint in part (Dkt. #9) is granted in part and denied in part. Plaintiff's NYHRL retaliation claims against defendants Weissend and Scott, plaintiff's tortious interference claim against defendant Reed, and plaintiff's defamation claim against defendant Bloom, are dismissed with prejudice. To the extent that the complaint alleges Title VII claims against the individual defendants, and/or common law claims of defamation and tortious interference against Weissend and Scott (plaintiff denies having alleged such claims, notwithstanding each of those causes of action being pled generally against "defendants"), those claims are dismissed with prejudice. Defendants' request for an enlargement of time to answer the complaint is granted, and defendants are directed to answer the complaint within twenty (20) days of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 3, 2016.